UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| PAMELA KNOX ) | |
| ) | |
| ) | |
| Plaintiff, ) | Case No. 4:21-cv-1045 |
| ) | |
| vs. ) | Montgomery County Circuit Court: |
| ) | |
| J. GRADY RANDOLPH, INC. and ) | 20AA-CC-00028 |
| RANDOLPH DAKIN, ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441 et seq., J. Grady Randolph, Inc. files its Notice of Removal of this lawsuit originally filed in the Missouri Circuit Court for Montgomery County, and in support of this Notice states:

1. This is a civil action over which this Court has original subject matter jurisdiction, pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441 et seq.

2. Plaintiff's Petition asserts allegations for negligence, vicarious liability, and statutory employment/logo/lease liability claims and is a controversy between citizens of different states. (Exhibit A, Plaintiff's Petition).

3. "Diversity jurisdiction requires complete diversity of citizenship, meaning 'no defendant holds citizenship in the same state where any plaintiff holds citizenship.'" *Hammond v. Patterson Auto Sales, Inc.*, 2014 WL 6463351 at *2 (E.D. Mo. Nov. 17, 2014). "To establish complete diversity of citizenship, a complaint (or notice of removal) must include factual allegations of each party's state of citizenship." *Id.*

4. Plaintiff Pamela Knox asserts in her petition that she is a citizen of the State of Missouri. (Exhibit A, ¶ 1), *see also Hammond v. Patterson Auto Sales, Inc.*, 2014 WL 6463351 at *2 (E.D. Mo. Nov. 17, 2014).

5. Plaintiff pled that Randolph Dakin is a citizen of the State of South Carolina. (Exhibit A, ¶ 2), *see also Hammond v. Patterson Auto Sales, Inc.*, 2014 WL 6463351 at *2 (E.D. Mo. Nov. 17, 2014).

6. A corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State of foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The phrase principal place of business refers to the place where a corporation's highest-level officers direct, control and coordinate the corporation's activities. *Hertz Corp. v. Friend¸* 559 U.S. 77, 78, 95-96 (2010).

7. Plaintiff pled that Defendant J. Grady Randolph, Inc. is incorporated under the laws of the State of South Carolina. (Exhibit A, ¶ 3). Defendant J. Grady Randolph, Inc.'s principal place of business is also in the State of South Carolina. Defendant J. Grady Randolph, Inc. is therefore a citizen of the State of South Carolina. (Exhibit B, Defendant's Affidavit).

8. Plaintiff Pamela Knox is a citizen of a state that is different than Defendants and no defendant is a citizen of the forum state. Therefore, this is an action between citizens of different states and jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332. See also, *Lincoln Property Co. v. Roche*, 546 U.S. 81, 82 (2005) (holding that defendant may remove an action based on diversity if there is complete diversity between all named parties and no defendant is a citizen of the forum state).

9. Federal Courts "shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different states." 28 U.S.C. § 1332(a)(1).

10. Typically, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). "However, where the plaintiff does not demand a specific sum, the federal court may retain jurisdiction if defendant proves by the preponderance of the evidence, that the amount in controversy exceeds $75,000." *Pleasant v. Noble Finance Corp.*, 54 F. Supp. 3d 1071, 1076 (W.D. Mo. 2014). To meet this burden of proof, the Court may consider "evidence such as responses to discovery requests or damage recoveries in similar cases." *Hoffman v. Empire Machinery & Tools Ltd.*, 2010 WL 2216631 at *2 (W.D. Mo. May 28, 2010).

11. Here, Plaintiff alleges in her Petition that she has incurred medical expenses exceeding $50,000 and will incur additional medical expenses in the future. (Exhibit A, ¶ 34). Further, she is also asking for the recovery of an unknown amount in punitive damages. (Exhibit A, ¶ 39).

12. This Court has held that an allegation of medical expenses exceeding $40,000 was enough to put a defendant on notice that the amount in controversy exceeded the jurisdictional threshold. *Burnham v. Summers*, 2009 WL 2231677 at *5 (E.D. Mo. July 24, 2009). This Court noted it was common for pain and suffering damages to be a multiplier of the medical expenses and when combined with those expenses easily surpassed the jurisdictional threshold. *Id.*

13. Here, Plaintiff alleges her medical expenses exceed $50,000, which is $10,000 higher than the amount the plaintiff in *Burnham* pled. (Ex. A, ¶ 34); *Burnham v. Summers*, 2009 WL 2231677 at *5 (E.D. Mo. July 24, 2009). Further plaintiff has also pled that she will continue to incur medical expenses related to her alleged injuries. (Ex. A, ¶ 34). When coupled with her allegations of pain and suffering and her plea for punitive damages, these admissions demonstrate the amount in controversy exceeds the jurisdictional threshold. *See Missouri Housing Develop.*

3

*Com'n v. Brice,* 919 F.2d 1306, 1315 (8th Cir. 1990); *Burnham v. Summers*, 2009 WL 2231677 at *5 (E.D. Mo. July 24, 2009).

14. This civil action is between citizens of the States of Missouri and South Carolina. Further, as demonstrated by the allegations in the petition and the case law, the amount in controversy exceeds $75,000.00. This case has not been pending for more than a year, and the Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

15. Defendant J. Grady Randolph, Inc. was served with plaintiff's petition on July 21, 2021. Pursuant to 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a)(1)(C), this Notice of Removal is timely filed within 30 days after service.

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1441 and Local Rule 3-2.07 because this action was originally filed in Montgomery County, Missouri, which is included in this Court's judicial area.

17. Attached as Exhibit C is a true and correct copy of all process, papers, exhibits, pleadings, and orders filed with the state court in this action.

18. Attached as Exhibit D is the Eastern District Court of Missouri Cover Sheet.

19. Attached as Exhibit E is the Original Filing Form.

WHEREFORE, Defendant J. Grady Randolph, Inc. prays that the above-captioned matter be removed from the Missouri Circuit Court of Montgomery County.

Joseph R. Swift #37241
BAKER STERCHI COWDEN & RICE, LLC
100 North Broadway, 21st Floor
St. Louis, MO 63102
314-345-5000
jswift@bscr-law.com
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was served by the Court's electronic filing system on this 20th day of August, 2021 on the counsel of record.

*/s/ signature*

_____