**EXHIBIT A**

Electronically Filed - Montgomery Circuit - August 27, 2020 - 06:53 PM

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY
## STATE OF MISSOURI

PAMELA KNOX,

        Plaintiff,

vs.

J. GRADY RANDOLPH, INC.,

and

RANDOLPH DAKIN,

        Defendants.

**TO BE SERVED:**
J. GRADY RANDOLPH, INC.
Registered Agent:
C T Corporation System
2 Office Park Court, Suite 103
Columbia, South Carolina 29223

RANDOLPH DAKIN
103 Merchant Street
Greer, South Carolina 29651

Case No:

Division:

**JURY TRIAL DEMANDED**

## PETITION

## GENERAL ALLEGATIONS

1.      Plaintiff Pamela Knox is a resident and citizen of the State of Missouri.

2.      Upon information and belief, Defendant Randolph Dakin is a resident and citizen of the State of South Carolina.

3.      At all times relevant herein, J. Grady Randolph, Inc., is a South Carolina corporation registered with the South Carolina Secretary of State and its registered agent located at 2 Office Park Court, Suite 103, Columbia, South Carolina 29223.

Electronically Filed - Montgomery Circuit - August 27, 2020 - 06:53 PM

4.      Defendant J. Grady Randolph, Inc., Inc. owned and/or leased the 2016 International tractor-trailer being operated by Defendant Randolph Dakin at the time of the collision.

5.      At all times relevant to this case, Defendant Randolph Dakin was an agent and/or employee (hereinafter to refer to statutory or otherwise) of Defendant J. Grady Randolph, Inc. and was acting within the course and scope of his agency and/or employment.

6.      At the time of the collision referenced in this petition, Defendant J. Grady Randolph, Inc. was registered with the Federal Motor Carrier Safety Administration as an interstate commercial motor carrier.

7.      At all times relevant, Defendant J. Grady Randolph, Inc. was operating as an interstate commercial motor carrier.

8.      At all relevant times, Defendant J. Grady Randolph, Inc. was operating as a private (property) motor carrier.

9.      At all times relevant, Defendant J. Grady Randolph, Inc. had authority to operate as a common carrier.

10.     At all times relevant herein and at the time of this crash, Defendant J. Grady Randolph, Inc. was a commercial motor carrier engaged in interstate commerce, transporting goods, including building materials, throughout the United States.

11.     At all times relevant herein and at the time of this crash, Defendant J. Grady Randolph, Inc., Inc. was acting individually and through its drivers, agents, servants, joint venturers, and/or employees, each of whom were acting within the course and scope of  their employment with Defendant J. Grady Randolph, Inc.

Electronically Filed - Montgomery Circuit - August 27, 2020 - 06:53 PM

12.     At all times relevant herein and at the time of this crash, Defendant Randolph Dakin was operating a tractor-trailer in the course and scope of her employment and agency with Defendant J. Grady Randolph, Inc., Inc.

13.     Defendants J. Grady Randolph, Inc. is liable for all acts and omissions of Defendant Randolph Dakin while she was operating the tractor-trailer within course and scope of employment and/or agency, under the doctrine of *respondeat superior*.

14.     Defendants J. Grady Randolph, Inc., and its agents, servants, employees, and drivers, including Defendant Randolph Dakin, at all relevant times set forth herein, were subject to the rules and regulations contained and set forth in Title 49, Code of Federal Regulations (Federal Motor Carrier Safety Regulations).

15.     In its relevant parts, the Motor Carrier Safety Regulations define "Motor Carrier" as a for-hire motor carrier or a private motor carrier; including a motor carrier's agents, officers and representatives, as well as employees responsible for hiring, supervising, training, assigning, or dispatching of drivers and employees concerned with the installation, inspection, and maintenance of motor vehicle equipment and/or accessories; this definition includes the term "employer."  49 C.F.R. §390.5.

16.     In its relevant parts, the Motor Carrier Safety Regulations define an "Employee" as any individual, other than an employer, who is employed by an employer and who, in the course of his or her employment directly, affects commercial motor vehicle safety.  "Employee" includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle).  49 C.F.R. §390.5.

Electronically Filed - Montgomery Circuit - August 27, 2020 - 06:53 PM

17.     At all times relevant to this case, Defendant Randolph Dakin was a driver of the 2016 International tractor-trailer and therefore, an "employee," as defined by the Motor Carrier Safety Regulations.

18.     In its relevant parts, the Motor Carrier Safety Regulations define "Motor Vehicle" as any vehicle, machine, tractor, trailer, or semi-trailer propelled or drawn by mechanical power and used upon the highways in the transportation of passengers or property, or any combination thereof determined by the Federal Motor Carrier Safety Administration.  49 C.F.R. §390.5.

19.     At all times relevant to this case, the tractor-trailer driven by Defendant Randolph Dakin was a vehicle used upon the highways for transportation of property and therefore, a "motor vehicle," as defined by the Motor Carrier Safety Regulations.

20.     In its relevant parts, the Motor Carrier Safety Regulations define an "Employer" as any person engaged in a business affecting interstate commerce that owns or leases a commercial motor vehicle in connection with that business, or assigns employees to operate it.  49 C.F.R. §390.5.

21.     At all times relevant to this case, Defendants J. Grady Randolph, Inc. was an "employer," as defined by the Motor Carrier Safety Regulations.

22.     At all times relevant herein, the State of Missouri has adopted rules and regulations of the Federal Motor Carrier Safety Regulations through RSMo. 307.400.

23.     At the time of this incident and at all times herein mentioned, Defendant Randolph Dakin was operating the 2006 International Harvester tractor-trailer as a driver for Defendant J. Grady Randolph, Inc.

24.     On or about August 21, 2018, at approximately 11:17 a.m., Plaintiff was a passenger in a 2016 Kia Sedona minivan traveling westbound on Interstate 70 near mile marker

Electronically Filed - Montgomery Circuit - August 27, 2020 - 06:53 PM

186 in Jonesburg, Montgomery County, Missouri.

25.     At that time and place, Defendant Dakin was operating the tractor-trailer in the lane next to the 2016 Kia Sedona minivan.

26.     At that time and place, Defendant Dakin changed lanes, driving the tractor-trailer into the side of the vehicle the 2016 Kia Sedona minivan.

27.     Westbound Interstate 70 at the crash location is a much traveled, open, and publicly dedicated state roadway and thoroughfare in the Montgomery County, Missouri.

28.     The crash occurred in Montgomery County and venue is therefore proper.

29.     At the time of the crash, the truck operated by Defendant Randolph Dakin bore the name of Defendants J. Grady Randolph, Inc. as well as its DOT number and/or MC (operating authority) number.

30.     Plaintiff Pamela Knox suffered and continue to suffer permanent and disabling injuries as a direct and proximate result of this incident.

31.     The negligence of Defendant Randolph Dakin, directly and proximately, caused or contributed to cause injuries to Plaintiff Pamela Knox as described in greater detail herein.

32.     As a direct and proximate result of this crash and the direct and proximate result of the negligence of Defendant J. Grady Randolph, Inc., and its agents, servants, and employees, including Randolph Dakin, Plaintiff Pamela Knox injured her neck, low back, right shoulder and right hip along with sustaining a traumatic brain injury.

33.     As a direct and proximate result of this crash and the direct and proximate result of the negligence of Defendants J. Grady Randolph, Inc., and its agents, servants, and employees, including Defendant Randolph Dakin, Plaintiff Pamela Knox has suffered pain and suffering and will continue to suffer pain and suffering.

Electronically Filed - Montgomery Circuit - August 27, 2020 - 06:53 PM

34.     As a direct and proximate result of this crash and the direct and proximate result of the negligence of Defendants J. Grady Randolph, Inc. and its agents, servants, and employees, including Defendant Randolph Dakin, Plaintiff Pamela Knox has incurred medical bills in excess of $50,000.00 and will continue to incur medical expenses related to the treatment of injuries sustained in the crash.

## COUNT I
## NEGLIGENCE AGAINST DEFENDANT DAKIN

**COMES NOW** Plaintiff Pamela Knox and repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above in the General Allegations as if they were set forth herein at length against Defendant Randolph Dakin and further states:

35.     At the time of this crash, Defendant Dakin negligently operated the tractor-trailer that caused this incident on the above stated date and time by:

a)     Failing to keep a proper lookout;

b)     Failing to take proper remedial action which could have avoided this collision or minimized the impact;

c)     Failing to reduce speed to avoid a collision;

d)     Operating the tractor-trailer without adequate training and experience;

e)     Operating the tractor-trailer when not properly qualified to do so;

f)     Driving while tired and/or fatigued;

g)     Driving while under the unsafe side-effects of prescription medication;

h)     Driving overly aggressive;

i)     Failing to stop his tractor-trailer, slacken his speed, swerve or sound a

Electronically Filed - Montgomery Circuit - August 27, 2020 - 06:53 PM

warning in an attempt to avoid colliding with the vehicle in which Plaintiff was a passenger, when he could and should have done in so in the exercise of the highest degree of reasonable care

36.    At least one of the negligent acts or omissions by Defendant Dakin, as described in the above paragraphs and the below paragraphs, was a direct and proximate cause of the crash in question and the resulting injuries to Plaintiff Pamela Knox.

37.    As a direct and proximate result of the negligence of Defendant Dakin, Plaintiff Pamela Knox was seriously injured as described herein and has sustained damages, pain and suffering and will sustain damages, pain and suffering in the future.

38.    Defendant Dakin knew or should have known that his conduct as described herein created a high degree of probability of injury.

39.    Defendant Dakin was not properly qualified to operate the tractor-trailer and did not have the required training and experience and was operating in violation of the law and this behavior and conduct was reckless and shows a complete indifference and conscious disregard for the safety of the motoring public, so as to entitle Plaintiff Pamela Knox to Aggravated (punitive) Damages.

40.    The operation of the tractor-trailer by Defendant Dakin and the manner in which it was operated on the public roadways, was willful, wanton, and reckless, and shows complete indifference and conscious disregard for the safety of the motoring public, so as to entitle Plaintiff Pamela Knox to Aggravated (punitive) Damages.

41.    The conduct of Defendant Dakin as described herein, specifically including violations of pertinent rules of the road and the Federal Motor Carrier Safety Regulations as listed within this Petition, as well as other acts and omissions of as described herein, was willful,

Electronically Filed - Montgomery Circuit - August 27, 2020 - 06:53 PM

wanton, and reckless, and shows complete indifference and conscious disregard for the safety of the motoring public, so as to entitle Plaintiff Pamela Knox to Aggravated (punitive) Damages.

**WHEREFORE** Plaintiff Pamela Knox prays for judgment against Defendant Randolph Dakin in a sum in excess of Twenty-Five Thousand Dollars ($25,000) exclusive of costs and interest, as is fair and reasonable to compensate plaintiff for her injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

## COUNT II - STATUTORY EMPLOYMENT/LOGO/LEASE LIABILITY AGAINST DEFENDANT J. GRADY RANDOLPH, INC.

**COMES NOW** Plaintiff Pamela Knox and repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above as if they were set forth herein at length against Defendant J. Grady Randolph, Inc. and further states:

42.     Based upon all aforementioned allegations, Defendant J. Grady Randolph, Inc. is vicariously liable for the negligence of Defendant Dakin based upon the doctrines of statutory employment, logo, and/or lease liability.

**WHEREFORE** Plaintiff Pamela Knox prays for judgment against Defendant J. Grady Randolph, Inc. in a sum in excess of Twenty-Five Thousand Dollars ($25,000) exclusive of costs and interest, as is fair and reasonable to compensate plaintiff for her injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

Electronically Filed - Montgomery Circuit - August 27, 2020 - 06:53 PM

### COUNT III – VICARIOUS LIABILITY AGAINST
### DEFENDANT J. GRADY RANDOLPH, INC.

**COMES NOW** Plaintiff Pamela Knox and repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above as if they were set forth herein at length against Defendant J. Grady Randolph, Inc. and further states:

43.    At all times relevant, Defendant Dakin was acting in the course and scope of his agency and/or employment with Defendant J. Grady Randolph, Inc.

44.    Based upon the prior allegations, Defendant J. Grady Randolph, Inc. is vicariously liable for the negligence of Defendant Dakin based upon the doctrines of agency and respondeat superior.

**WHEREFORE** Plaintiff Pamela Knox and prays for judgment against Defendant J. Grady Randolph, Inc. in a sum in excess of Twenty-Five Thousand Dollars ($25,000) exclusive of costs and interest, as is fair and reasonable to compensate plaintiff for her injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

### COUNT IV – INDEPENDENT NEGLIGENCE AGAINST
### DEFENDANT J. GRADY RANDOLPH, INC.

**COMES NOW** Plaintiff Pamela Knox and repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above as if they were set forth herein at length against Defendant J. Grady Randolph, Inc. and further states:

45.    At all times relevant, Defendant J. Grady Randolph, Inc. was operating as an

Electronically Filed - Montgomery Circuit - August 27, 2020 - 06:53 PM

interstate motor carrier pursuant to authority granted to it by the U.S. Department of Transportation.

46.     Throughout its existence, Defendant J. Grady Randolph, Inc. has, or should have been, aware of the existence of the Federal Motor Carrier Safety Regulations.

47.     As an interstate motor carrier, Defendant J. Grady Randolph, Inc. has a duty, to follow and comply with the Federal Motor Carrier Safety Regulations.

48.     The various safety regulations included within Parts 390 – 397, of which Defendant J. Grady Randolph, Inc. had a duty to follow, include, but are not limited to, the following:

a.   Defendant J. Grady Randolph, Inc. had an independent duty to require observance by its drivers of any duty or prohibition imposed upon the drivers by the Federal Motor Carrier Safety Regulations.  49 C.F.R. §390.11;

b.   Defendant J. Grady Randolph, Inc. had a duty to not require or permit a driver, including Defendant Dakin, to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle.  49 C.F.R. §392.3;

c.   Defendant J. Grady Randolph, Inc. had a duty to not allow or permit a driver, including Defendant Dakin, to operate a commercial motor vehicle unless that person is qualified to drive a commercial motor vehicle.  49 C.F.R. §391.11.;

d.   Defendant J. Grady Randolph, Inc. had an independent duty not to aid, abet, encourage or require any of its employees to violate the safety regulations

contained within Chapter 390.  490 C.F.R. §390.13;

e.  Defendant J. Grady Randolph, Inc. had an independent duty to prohibit its employees from driving a commercial vehicle unless the employee had first completed and furnished to Defendant J. Grady Randolph, Inc. an application for employment that meets the requirements as set forth in 49 C.F.R. §391.21(b);

f.  Defendant J. Grady Randolph, Inc. had an independent duty to make investigations and inquiries with respect to each driver it employs and to do so in the manner prescribed in 49 C.F.R. §391.23;

g.  Defendant J. Grady Randolph, Inc. had an independent duty to obtain the motor vehicle record of every driver it employs, including Defendant Dakin, at least once every twelve months in determine whether that driver continues to meet the minimum requirements for safe driving or is disqualified to drive a commercial motor vehicle.  49 C.F.R. §391.25;

h.  Defendant J. Grady Randolph, Inc. had an independent duty require each of its drivers, including Defendant Dakin, to furnish it with a list of all violations of motor vehicle traffic laws and ordinances of which he/she has been convicted in the preceding 12 months.  49 C.F.R. §391.27;

i.  Defendant J. Grady Randolph, Inc. had an independent duty to prohibit its employees, including Defendant Dakin, from driving until the driver had successfully completed a road test and been issued a certificate of driver's road test.  40. C.F.R. §391.31;

j.  Defendant J. Grady Randolph, Inc. had an independent duty to ensure that its

Electronically Filed - Montgomery Circuit - August 27, 2020 - 06:53 PM

drivers, including Defendant Dakin, were physically qualified to operate a commercial motor vehicle and that its drivers had undergone the necessary examinations in the required timeframes as set forth within the Federal Motor Carrier Safety Regulations.  40 C.F.R. §391 – Subpart E; and

k.  Defendant J. Grady Randolph, Inc. had an independent duty to inspect, repair, and maintain, all of the motor vehicles subject to its control, including the motor vehicle operated by Defendant Dakin on the day of the aforementioned crash, and to ensure that the motor vehicle and all of its parts and accessories were in proper operating condition at all times, including at the time of the aforementioned crash. 40 C.F.R. §396.3.

49.    That Defendant J. Grady Randolph, Inc. had a duty to comply with the Federal Motor Carrier Safety Regulations including the specific aforementioned regulations.

50.    That it is customary standard in the motor carrier industry to have in place an adequate safety program administered by competent and adequately trained safety personnel to ensure that the motor carrier and its drivers are adhering to the Federal Motor Carrier Safety Regulations, including but not limited the specifically aforementioned regulations.

51.    That, at all times prior to the aforementioned collision, Defendant J. Grady Randolph, Inc. failed to have in place an adequate safety program.

52.    As a result of its inadequate and/or inexistent safety program, Defendant J. Grady Randolph, Inc. violated numerous Federal Motor Carrier Safety Regulations including, but not limited to the specifically aforementioned regulations prior to the aforementioned collision involving Plaintiff Pamela Knox.

53.    As a result of its inadequate and/or inexistent safety program, Defendant J. Grady

Electronically Filed - Montgomery Circuit - August 27, 2020 - 06:53 PM

Randolph, Inc. allowed its drivers, including Defendant Dakin, to violate numerous Federal Motor Carrier Safety Regulations including, but not limited to the specifically aforementioned regulations prior to the aforementioned collision involving Plaintiff Pamela Knox.

54.     That Defendant J. Grady Randolph's violation of numerous Federal Motor Carrier Safety Regulations, including the specifically aforementioned regulations created a danger to the health, welfare, and safety of the motoring public, including Plaintiff Pamela Knox.

55.     Defendant J. Grady Randolph, Inc. was thereby negligent in that it failed to implement an adequate safety program and it violated numerous Federal Motor Carrier Safety Regulations, including but not limited to the specifically aforementioned regulations.

56.     Defendant J. Grady Randolph, Inc. was thereby negligent in that it failed to implement an adequate safety program and it failed to ensure that its agents, employees and drivers, including Defendant Dakin, complied with the Federal Motor Carrier Safety Regulations, including but not limited to the specifically aforementioned regulations.

57.     As a direct and proximate result of the independent negligence of Defendant J. Grady Randolph, Plaintiff was injured and sustained damages and will continue to be damaged in the manners previously described in this Petition.

58.     Defendant J. Grady Randolph, Inc. knew or had information from which they, in the exercise of ordinary care, could have known that such conduct as described herein created a high degree of probability of injury to the motoring public such as Plaintiff Pamela Knox.

59.     The conduct of Defendant J. Grady Randolph, Inc. as described herein, specifically including violations of Missouri state law and the various Federal Motor Carrier Safety Regulations was willful, wanton, and reckless, and shows complete indifference and conscious disregard for the safety of the motoring public, so as to entitle Plaintiff Pamela Knox

Electronically Filed - Montgomery Circuit - August 27, 2020 - 06:53 PM

Aggravated (punitive) Damages.

60.     Because of Defendant J. Grady Randolph's willful, wanton, and reckless behavior, and for their indifference and conscious disregard for the safety of the motoring public, aggravated (punitive) damages are appropriate in this action in order to punish Defendant J. Grady Randolph, Inc. and to deter others from similar conduct.

61.     Defendant J. Grady Randolph's reckless and intentional behavior, and their complete indifference and conscious disregard for the safety of the motoring public, directly and proximately caused the wreck and the resulting injuries to Plaintiff Pamela Knox described herein.

**WHEREFORE** Plaintiff Pamela Knox and prays for judgment against Defendant J. Grady Randolph, Inc. in a sum in excess of Twenty-Five Thousand Dollars ($25,000) exclusive of costs and interest, as is fair and reasonable to compensate plaintiff for her injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

## COUNT V – DIRECT NEGLIGENCE AGAINST DEFENDANT J. GRADY RANDOLPH, INC. BASED UPON NEGLIGENT HIRING/RETENTION

**COMES NOW** Plaintiff Pamela Knox and repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above as if they were fully incorporated in this count and further states:

62.     At all times prior to the aforementioned collision, Defendant J. Grady Randolph, Inc. had a duty, imposed by law and regulation, to diligently and adequately screen potential drivers to the extent mandated by the Federal Motor Carrier Safety Regulations.

Electronically Filed - Montgomery Circuit - August 27, 2020 - 06:53 PM

63.     Such duties include, but are not limited to:

a)      To obtain a completed employment application before permitting an agent, servant, and/or employee drive its commercial motor vehicle. 49 C.F.R. §391.21;

b)      To investigate the agents, servants, and/or employee's driver's employment record during the preceding three years by all reasonable means. 49 C.F.R. §§391.23(a)(2), 391.23(c);

c)      To inquire into the agent's, servant's, and/or employee's driving record within 30 days after employment begins. 49 C.F.R. §391.23(a);

d)      To require a successfully completed road test before commencing employment, and permitting the applicant, agent, servant, and/or employee to drive a commercial motor vehicle. 49 C.F.R. §391.31(a);

e)      To investigate the driver's safety performance history with Department of Transportation regulated employer during the preceding three years. 49 C.F.R. §391.23(2);

f)      Ensure that its driver was physically qualified to operate a tractor-trailer and had a valid and current DOT medical examiner's certificate. 49 C.F.R. §391.41; and

g)      Ensure that its driver had no current diagnosis of high blood pressure likely to interfere with the ability to operate a commercial motor vehicle safely.  49 C.F.R. §391.41(b)(6).

64.     Defendant J. Grady Randolph, Inc. had a duty to comply with all of the above and below listed Laws, Federal Regulations, Codes, and/or Missouri Statutes, so as to protect the general public, including the Plaintiff Pamela Knox, from the unsafe operation of commercial motor vehicles by its drivers.

Electronically Filed - Montgomery Circuit - August 27, 2020 - 06:53 PM

65.     Defendant Dakin was unqualified to operate a commercial motor vehicle due to his driving history, inexperience, lack of skill, lack of training, lack of knowledge, and physical medical condition.

66.     That, because of Defendant Dakin's aforementioned inadequacies, Defendant J. Grady Randolph, Inc. should not have hired him to operate a commercial motor vehicle.

67.     That Defendant J. Grady Randolph, Inc. knew, or through the exercise of ordinary care should have known that Defendant Dakin was unqualified to safely operate a commercial motor vehicle.

68.     That by failing to properly and adequately screen and investigate its drivers, including Defendant Dakin, before and during employment, Defendant J. Grady Randolph, Inc. violated numerous Federal Motor Carrier Safety Regulations, including but not limited to those specifically identified in this count.

69.     Had Defendant J. Grady Randolph, Inc. obeyed the Federal Motor Carrier Safety Regulations, including but not limited to those specifically identified in this count, it could have learned that Defendant Dakin was unqualified to safely operate a commercial motor vehicle.

70.     Defendant Dakin's negligent actions on the day of the collision with Plaintiff were consistent with, related to, and a product of his aforementioned inadequacies in operating a commercial motor vehicle.

71.     Defendant J. Grady Randolph's actions and omissions in hiring Defendant Dakin, including their violations of the Federal Motor Carrier Safety Regulations, was the proximate cause of the injuries and damages sustained by Plaintiff Pamela Knox resulting from the aforementioned motor vehicle collision.

72.     Defendant J. Grady Randolph's actions and omissions in hiring Defendant Dakin,

Electronically Filed - Montgomery Circuit - August 27, 2020 - 06:53 PM

including their violations of the Federal Motor Carrier Safety Regulations were willful, wanton, and reckless, and demonstrated a complete indifference and conscious disregard for the law and for the safety of others, including Plaintiff Pamela Knox.

73.     Defendant J. Grady Randolph's willful, wanton, and reckless behavior evidenced a complete indifference and conscious disregard for the safety of the motoring public and aggravated (punitive) damages are appropriate in this action in order to punish Defendant J. Grady Randolph, Inc. and to deter others from similar conduct.

**WHEREFORE** Plaintiff Pamela Knox prays for judgment against Defendant J. Grady Randolph, Inc. in a sum in excess of Twenty-Five Thousand Dollars ($25,000) exclusive of costs and interest, as is fair and reasonable to compensate plaintiff for her injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

### COUNT VI – DIRECT NEGLIGENCE AGAINST DEFENDANT J. GRADY RANDOLPH, INC. TRUCKING CO. BASED UPON NEGLIGENT TRAINING

**COMES NOW** Plaintiff Pamela Knox and repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above as if they were fully incorporated in this count and further states:

74.     Defendant J. Grady Randolph, Inc. owed the general public, including Plaintiff Pamela Knox, a duty to properly train its drivers, including Defendant Dakin, on the safe operation of a tractor-trailer.

75.     Defendant J. Grady Randolph, Inc. failed to properly instruct Defendant Dakin on the safe operation of a tractor-trailer.

76.    Defendant J. Grady Randolph, Inc. owed the general public, including Plaintiff Pamela Knox, a duty to properly train its drivers, including Defendant Dakin, on the safety regulations set forth in the Federal Motor Carrier Safety Regulations.

77.    At all times prior to the aforementioned collision, Defendant J. Grady Randolph, Inc. had a duty, imposed by law and regulation, to diligently and adequately screen potential drivers to the extent mandated by the Federal Motor Carrier Safety Regulations.

78.    Such duties include, but are not limited to:

a)    To require and verify that its drivers pass a knowledge and skills test as prescribed by the Federal Motor Carrier Safety Regulations.  49 C.F.R. §380.109 and 49 C.F.R. §380.509;

b)    To train its drivers on the Federal Motor Carrier Safety Regulations pertaining to medical certification, medical examination procedures, general qualifications, responsibilities, and disqualifications.  49 C.F.R. §380.503;

c)    To ensure that its drivers have been properly trained and to show proof of that training with a training certificate. 49 C.F.R. §380.505;

79.    Defendant J. Grady Randolph, Inc. had a duty to properly instruct its drivers, including Defendant Dakin on the rules as regulations as contained in Part 392 of the Federal Motor Carrier Safety Regulations which pertain to the safe operation of a commercial motor vehicle.

80.    Defendant J. Grady Randolph, Inc. failed to properly instruct Defendant Dakin on the Federal Motor Carrier Safety Regulations, including those specifically referenced in this count.

81.    Defendant J. Grady Randolph, Inc. owed the general public, including Plaintiff

Electronically Filed - Montgomery Circuit - August 27, 2020 - 06:53 PM

Pamela Knox, a duty to provide ongoing safety courses to its drivers, including Defendant Dakin.

82.     Defendant J. Grady Randolph, Inc. failed to provide adequate continuing safety courses to Defendant Dakin.

83.     Defendant J. Grady Randolph, Inc. had a duty to comply with all of the above and below listed duties, so as to protect the general public, including the Plaintiff Pamela Knox, from the unsafe operation of commercial motor vehicles by its drivers.

84.     Defendant J. Grady Randolph, Inc. breached its duty to the general public, including the Plaintiff Pamela Knox, by its failing to properly train Defendant Dakin, Defendant J. Grady Randolph's tractor-trailer driver, who was unqualified, incompetent and should not have been permitted to operate a tractor-trailer.

85.     Based on Defendant Dakin's driving history, inadequate experience, and training, Defendant J. Grady Randolph, Inc. knew or had information from which defendant, in the exercise of ordinary care, should have known, that its driver operating its vehicle created a high degree of probability of injury to other persons operating or traveling in motor vehicles on public roads, streets and highways.

86.     That Defendant J. Grady Randolph, Inc. was negligent in failing to properly train its drivers, including Defendant Dakin, on the safe operation of a commercial motor vehicle and the Federal Motor Carrier Safety Regulations.

87.     That Defendant J. Grady Randolph, Inc. was negligent in failing to provide continuing education on the safe operation of a commercial motor vehicle and on the Federal Motor Carrier Safety Regulations.

88.     That Defendant Dakin's aforementioned negligent actions and/or inactions

Electronically Filed - Montgomery Circuit - August 27, 2020 - 06:53 PM

were consistent with the fact that Defendant J. Grady Randolph, Inc. failed to properly train

him in the safe operation of a commercial motor vehicle and/or the adherence to the Federal

Motor Carrier Safety Regulations.

89.     These actions and omissions of Defendant J. Grady Randolph, Inc. relating to

this crash were willful, wanton, and reckless, and demonstrated a complete indifference and

conscious disregard for the law and for the safety of others, including Plaintiff Pamela Knox.

90.     Defendant J. Grady Randolph's willful, wanton, and reckless behavior, and for

its complete indifference and conscious disregard for the safety of the motoring public,

aggravated (punitive) damages are appropriate in this action in order to punish Defendant and

to deter others from similar conduct.

91.     Plaintiff's injuries were directly and proximately caused by Defendant J.

Grady Randolph's breach of and failure to comply with its duty to properly train Defendant

Dakin, its tractor-trailer driver.

**WHEREFORE** Plaintiff Pamela Knox prays for judgment against Defendant J. Grady

Randolph, Inc. in a sum in excess of Twenty-Five Thousand Dollars ($25,000) exclusive of

costs and interest, as is fair and reasonable to compensate plaintiffs for her injuries, plus

aggravated (punitive) damages, and for such other relief this Court deems just and proper under

the circumstances.

### COUNT VIII – DIRECT NEGLIGENCE AGAINST DEFENDANT J. GRADY RANDOLPH, INC. TRUCKING CO. BASED UPON NEGLIGENT SUPERVISION

**COMES NOW** Plaintiff and repeats, incorporates, and re-alleges each and every

paragraph and sub-paragraph set forth above as if they were fully incorporated in this count and

Electronically Filed - Montgomery Circuit - August 27, 2020 - 06:53 PM

further states:

92.     Defendant J. Grady Randolph, Inc. owed the general public, including Plaintiffs, a duty to continuously evaluate its drivers' performance, including through supervision, and to discharge an incompetent or unsafe driver before he/she injured the public or property.

93.     Defendant J. Grady Randolph, Inc. had a duty to not require or permit a driver, including Defendant Dakin, to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle.  49 C.F.R. §392.3.

94.     Defendant J. Grady Randolph, Inc. had a duty to inquire into the motor vehicle record of its drivers and give "great weight" to violations such as speeding or reckless driving. 49 C.F.R. §391.25.

95.     Defendant J. Grady Randolph, Inc. had a duty to ensure that its drivers were continuously physically qualified to safely operate a tractor-trailer. 49 C.F.R. §391.41, 391.43.

96.     Defendant J. Grady Randolph, Inc. had a duty to maintain a driver qualification file for each driver it employs.  49 C.F.R. §391.51

97.     Defendant J. Grady Randolph, Inc. had a duty to maintain a driver investigation history file for each driver it employs.  49 C.F.R. §391.53.

98.     Defendant J. Grady Randolph, Inc. had a duty to not allow or permit its on-duty drivers to be possession of drugs as listed in 49 C.F.R. §392.4(a).

99.     Defendant J. Grady Randolph, Inc. had a duty to not schedule a run, nor permit, nor require the operation of any commercial motor vehicle between points in such a period of

Electronically Filed - Montgomery Circuit - August 27, 2020 - 06:53 PM

time as would necessitate the commercial vehicle being operated at speeds greater than those prescribed by law.  49 C.F.R. §392.6.

100.    Defendant J. Grady Randolph, Inc. had a duty to comply with all of the above and below listed duties, Rules, Regulations and codes, so as to protect the general public, including the Plaintiff Pamela Knox, from the unsafe operation of commercial motor vehicles by its drivers.

101.    Defendant J. Grady Randolph, Inc. breached its above listing duties to the general public, including the Plaintiff Pamela Knox, by its failing to properly supervise Defendant Dakin, Defendant J. Grady Randolph's tractor-trailer driver, who was unqualified, incompetent and should have been discharged prior to this crash.

102.    Based on Defendant Dakin's driving history, lack of supervision and continued retention by his employer, Defendant J. Grady Randolph, Inc. knew or had information from which defendant, in the exercise of ordinary care, should have known, that its driver operating its vehicle created a high degree of probability of injury to other persons operating or traveling in motor vehicles on public roads, streets and highways.

103.    These actions and omissions of Defendant J. Grady Randolph, Inc. relating to this crash were willful, wanton, and reckless, and demonstrated a complete indifference and conscious disregard for the law and for the safety of others, including Plaintiff Pamela Knox.

104.    Defendant J. Grady Randolph's willful, wanton, and reckless behavior, and for its complete indifference and conscious disregard for the safety of the motoring public, aggravated (punitive) damages are appropriate in this action in order to punish Defendant and to deter others from similar conduct.

105.    Plaintiff Pamela Knox's injuries were directly and proximately caused by

Electronically Filed - Montgomery Circuit - August 27, 2020 - 06:53 PM

Defendant J. Grady Randolph's breach of and failure to comply with its duty to properly train Defendant Dakin, its tractor-trailer driver.

**WHEREFORE** Plaintiff Pamela Knox prays for judgment against Defendant J. Grady Randolph, Inc. in a sum in excess of Twenty-Five Thousand Dollars ($25,000) exclusive of costs and interest, as is fair and reasonable to compensate plaintiff for her injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

Respectfully submitted,

**SCHULTZ & MYERS, LLC**

/s/ Deme Sotiriou
_____
Deme E. Sotiriou, MO #56611
Joshua P. Myers, MO #56541
999 Executive Parkway Drive
Suite 205
St. Louis, Missouri 63141
Telephone:  314-744-8900
Facsimile:  314-720-0744
E-mail: deme@schultzmyers.com